10-4727-ag
Chen v. Holder

BIA
A099 667 841

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JIN RONG CHEN,
> *Petitioner,*

    v.                          10-4727-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Theodore N. Cox, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jin Rong Chen, a native and citizen of the People's Republic of China, seeks review of a October 29, 2010, decision of the BIA denying her motion to reopen her removal proceedings. *In re Jin Rong Chen*, No. A099 667 841 (B.I.A. Oct. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's motion to reopen, filed in April 2010, was untimely because the BIA issued a final order of removal in March 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Chen contends, however, that the Chinese government's recent crackdown on underground churches in Fujian Province

2

constitutes a material change in country conditions, excusing the untimeliness of her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Moreover, Chen argues that the BIA abused its discretion by ignoring and misinterpreting evidence showing a systematic increase in the Chinese government's repression of underground churches.

The BIA's determination that Chen failed to establish a material change in country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). In considering country conditions in China, the BIA reasonably relied on the evidence submitted in support of Chen's motion to reopen to conclude that "during the years leading up to [her merits] hearing, there was significant religious repression in China." *See* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). For example, as noted by the BIA, Chen's evidence reflected that, at the

3

time of her underlying proceedings, the Chinese government: sent priests to labor camps for reeducation; increased its crackdown on Christians, who were, at times, jailed, tortured, and beaten to death; and cracked down on underground churches and targeted church leaders with criminal accusations.

Notwithstanding Chen's argument to the contrary, the BIA did not misinterpret her country conditions evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (finding that as long as an inference "is tethered to the evidentiary record, we will accord deference to the finding"). In finding no change in country conditions, the BIA determined that "[w]hile [Chen's] evidence indicates that the number of incidents reported involving Christians may have increased after her hearing, the evidence further shows that unregistered religious groups and their activities have also increased." Although Chen takes issue with the BIA's inference that any increase in religious repression in China is a function of an increase in religious activities rather than any change in the Chinese government's level of enforcement, it is not our role to determine which possible inference is the most plausible.

4

*See Siewe*, 480 F.3d at 160 ("support for a contrary inference – even one more plausible or more natural – does not suggest error").

Similarly, Chen's argument that the BIA ignored evidence demonstrating a material change in country conditions in China is also without merit.  While Chen argues that the BIA failed to consider her China Aid Report and an internet article purportedly showing a systematic increase in the Chinese government's repression of underground churches, the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006), and is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (quotation omitted).  Here, the record does not suggest that the BIA failed to consider Chen's evidence, as the China Aid Report does not include any statistics for Chen's home province of Fujian and was explicitly cited by the BIA in its decision, and the task of resolving conflicts in the record evidence, lies "largely within the discretion of the agency," *see Jian Hui Shao*, 546 F.3d at 171.  As a result,

the BIA's country conditions' determination is supported by substantial evidence, and the denial of Chen's motion to reopen was not an abuse of discretion.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Ali*, 448 F.3d at 517.

Because the BIA did not reach the issue of Chen's *prima facie* eligibility for relief, we decline to consider Chen's arguments concerning the adequacy of her *prima facie* showing.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6